**Evelyn E. HATCHER et al., Plaintiffs,**

**v.**

**Frank HERRING et al., Defendants.**

**Civ. A. No. 1188–69.**

United States District Court

District of Columbia.

Oct. 7, 1969.

James A. Willey, Washington, D. C., for plaintiffs.

Frank Herring, pro se.

### FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER

PRATT, District Judge.

This cause having come on to be heard on the plaintiffs' motion for preliminary injunction, and upon consideration thereof, the verified complaint, the evidence adduced at the hearing, and argument of counsel for plaintiff and defendant Herring *pro se,* the Court enters the following findings of fact and conclusions of law.

#### Findings of Fact

1. Plaintiffs Evelyn Hatcher and George Stonestreet each owned 50% of the stock of Commercial Enterprises, Inc., a District of Columbia corporation, which operated a restaurant at 3530 Georgia Avenue, N.W., Washington, D. C. and jointly held an unexpired lease upon said premises.

2. Defendants Herring and Bostic are individuals, and defendant Red Door Lounge, Inc., is a District of Columbia corporation.

3. On July 10, 1968, by written agreement amended by subsequent agreement dated October 16, 1968, the plaintiff Hatcher sold her stock in Commercial Enterprises, Inc. to defendant Herring for $6,000 of which $500 was to be paid down and the balance by monthly installments. She received $700 under the terms of this contract, which provided that the Hatcher stock should be held in escrow pending payment of the purchase price and that Herring could vote half of it. Plaintiff Stonestreet sold his stock in Commercial Enterprises, Inc. to defendant Herring for all cash.

4. Thereafter defendants permitted the liquor license held by the Commercial Enterprises, Inc. to expire, organized Red Door Lounge, Inc., applied for a new liquor license in that corporate name, and transferred the assets of Commercial Enterprises, Inc. to the new corporation. Subsequent to the organization of Red Door Lounge, Inc., defendant Herring procured from plaintiff Stonestreet an assignment of his interest in the aforesaid unexpired lease, in consideration for which he agreed to pay Stonestreet $100 cash and $900 in two equal installments and to issue to Stonestreet 15% of the stock of Commercial Enterprises, Inc. Substantially all of this amount is outstanding.

5. Defendants applied to the Alcoholic Beverage Control Board to issue a liquor license to the Red Door Lounge, Inc. for use in the business acquired from Commercial Enterprises, Inc. Plaintiffs protested the issuance of such a license on the ground that their security for payment would be lost, whereupon the defendant Herring presented to the Alcoholic Beverage Control Board a document guaranteeing payment to the plaintiff Hatcher, admittedly signed by himself individually and as an officer of the Red Door Lounge, Inc., and purportedly signed by defendant Bostic and one Perkins. Under the terms of said guaranty agreement the Red Door Lounge, Inc., Perkins and defendants Herring and Bostic each agreed individually and as officers of the corporation to become responsible to Mrs. Hatcher for payment of the balance due

for the purchase of her stock in Commercial Enterprises, Inc.

6. Plaintiffs are now suing for breach of contract and for an accounting.

### Conclusions of Law

1. The plaintiffs have demonstrated a substantial likelihood they will succeed on the merits at trial. Defendants have outstanding contractual obligations which have not been satisfied.

2. Plaintiffs will sustain irreparable injury unless the defendants are enjoined from transferring the assets of the Red Door Lounge, Inc., since they have recourse to no other funds in satisfaction of their claims.

3. Little inconvenience will result to defendants and the public interest lies in preserving the assets of the defendants to satisfy this apparently valid claim.

4. The criteria for issuing a preliminary injunction have therefore been satisfied in this case. Virginia Petroleum Jobbers Association v. Federal Power Commission, 104 U.S.App.D.C. 106, 110, 259 F.2d 921, 925 (1958); see also A Quaker Action Group v. Hickel, U.S.App. D.C. (June 24, 1969).

### ORDER

Pursuant to these findings of fact and conclusions of law, it is ordered, adjudged and decreed, that:

1. Defendants Red Door Lounge, Inc., Frank Herring and Charles Bostic, their agents, servants, employees, attorneys and any persons in concert with them are restrained and enjoined from:

(a) removing, selling, or otherwise disposing of or transferring title to the furniture, furnishings, and equipment in and upon the premises occupied by the Red Door Lounge, Inc., except as set forth in paragraph 3 hereof;

(b) selling or otherwise transferring title to the capital stock of the Red Door Lounge, Inc., except as set forth in paragraph 3 hereof;

(c) selling or otherwise transferring title to the liquor license presently held by the Red Door Lounge, Inc., except as set forth in paragraph 3 hereof.

2. Defendants shall maintain the lease dated June 14, 1967, from Morris and Leon Robin, lessors, upon the premises. 3530 Georgia Avenue, N.W., in the District of Columbia in current status, paying rent therefor when and as the same shall become due.

3. Conveyance of any of the items referred to in paragraphs 1 and 2 hereof may be made by the defendants with the written consent of the plaintiffs Hatcher and Stonestreet first had and obtained and filed herein.

4. Plaintiffs shall file herein an undertaking with surety approved by the Court in the sum of $1,000 to secure the defendants any damages they may suffer if wrongfully enjoined herein.